IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., | ) ) ) |
| Petitioner, | ) |
| v. | ) ) |
| WILDLIFE IN NEED AND WILDLIFE IN DEED, INC., TIMOTHY L. STARK, AND MELISA D. STARK, | ) ) ) ) ) |
| Respondents. | ) |

Case No. 4:17-mc-3

**VERIFIED PETITION PURSUANT TO
FED. R. CIV. P. 27(a) TO PERPETUATE EVIDENCE**

Pursuant to FED. R. CIV. P. 27(a) and 34, Petitioner People for the Ethical Treatment of Animals, Inc. ("***PETA***"), by its attorneys, petitions this Court to enter an order preserving certain evidence related to (and including) tigers, lions, and hybrids thereof in the possession and control of Respondents Wildlife In Need and Wildlife In Deed, Inc. ("***Wildlife In Need***"), Timothy L. Stark ("***Stark***"), and Melisa D. Stark (collectively, with Wildlife In Need and Stark, "***Respondents***"). In support of its Petition, PETA respectfully states as follows:

**NATURE OF ACTION**

1. This Petition arises out of and relates to PETA's notice of intent to file a citizen suit pursuant to the Endangered Species Act of 1973, 16 U.S.C. §§ 1531-1544 (the "***ESA***"), against the Respondents dated July 27, 2017 (the "***Notice***"), for their chronic and ongoing abuse and harassment of tigers, lions, and hybrids thereof (collectively, "***Big Cats***"). (A copy of the Notice is attached as Exhibit 1 to the Declaration of Brian W. Lewis, which is filed contemporaneously herewith in support of this Petition and is incorporated herein by reference.)

2. By this Petition, as allowed under FED. R. CIV. P. 27(a), PETA seeks to preserve

–1–

specific evidence in the possession and control of the Respondents relating to (and including) the Big Cats before PETA is able to file its lawsuit against them. As described below, PETA seeks to (a) perpetuate the testimony of Stark regarding the identity of the Big Cats, including those who have been declawed, (b) preserve the documents and tangible evidence relating to (and including) the Big Cats, and (c) inspect the Premises (as defined below) to confirm the identity of the Big Cats currently in the Respondents' possession and control.

## PARTIES

3. Wildlife In Need is incorporated in the State of Indiana with its principal place of business located at 3320 Jack Teeple Road, Charlestown, Indiana 47111 (the "*Premises*"), which houses and exhibits wildlife, including the Big Cats.

4. Timothy L. Stark is the President and owner of Wildlife In Need, and is a citizen and resident of Indiana, and is believed to reside at the Premises.

5. Melisa D. Stark is the secretary and treasurer of Wildlife In Need and wife of Timothy L. Stark. She is a citizen and resident of Indiana, and is believed to reside at the Premises.

6. PETA is a nonprofit corporation and animal protection charity incorporated in the State of Virginia, with its principal place of business located at 501 Front Street, Norfolk, Virginia 23510. PETA is dedicated to protecting animals, including the Big Cats, from abuse, neglect, and cruelty.

## JURISDICTION AND VENUE

7. Federal jurisdiction exists in this case pursuant to 28 U.S.C. § 1331 because the expected underlying litigation by PETA against the Respondents arises under the ESA.

8. Pursuant to FED. R. CIV. P. 27(a)(1), this Petition is filed "in the district court for the district where any expected adverse party resides."

9. The expected adverse parties in this case are the Respondents. Wildlife In Need is an Indiana corporation with its principal place of business located in Clark County, Indiana, and, therefore, is subject to the personal jurisdiction of, and venue in, this Court. Stark and Melisa D. Stark also reside in Clark County, Indiana, and, therefore, are also subject to the personal jurisdiction of, and venue in, this Court.

**APPLICABLE LEGAL STANDARDS**

10. FED. R. CIV. P. 27(a) requires that a petitioner show the following:

(A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;

(B) the subject matter of the expected action and the petitioner's interest;

(C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

(D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and

(E) the name, address, and expected substance of the testimony of each deponent.

FED. R. CIV. P. 27(a)(1).

11. Under FED. R. CIV. P. 27(a)(3), "[i]f satisfied that perpetuating the testimony may prevent a failure or delay of justice, the court must issue an order that designates or describes the persons whose depositions may be taken, specifies the subject matter of the examinations, and states whether the depositions will be taken orally or by written interrogatories. The depositions may then be taken under these rules, and the court may issue orders like those authorized by Rules 34 and 35."

12. The courts have held that under FED. R. CIV. P. 27(a), a petitioner can move to

perpetuate testimony as well as other evidence through inspection under FED. R. CIV. P. 34 where there is significant risk that evidence will be lost or destroyed if not perpetuated. *See, e.g.*, *Application of Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra*, 198 F.3d 473, 485 (4th Cir. 1999); *Nissei Sangyo Am., Ltd. v. United States*, 31 F.3d 435, 440 (7th Cir. 1994); *Socha v. Pollard*, 621 F.3d 667, 672 (7th Cir. 2010) ("Rule 27 rests on equitable principles, insofar as it is designed to prevent a failure or delay of justice." (citation omitted)).

13. PETA satisfies all of the requirements under FED. R. CIV. P. 27(a) for perpetuating evidence and testimony.

## FACTUAL BACKGROUND

### A. The Anticipated Litigation Between PETA and Respondents

14. PETA expects to be a party to an action cognizable in this Court. To encourage and facilitate vigorous enforcement of the ESA, Congress explicitly empowered private citizens to file suit "to enjoin any person" from violating the ESA or its implementing regulations. 16 U.S.C. § 1540(g)(1)(A).

15. Prior to commencing a citizen suit, however, the alleged violator and the government must be provided with sixty days written notice. *Id.* § 1540(g)(2)(A). On July 27, 2017, PETA provided the Respondents, the Secretary of the Interior, and the acting director of the U.S. Fish & Wildlife Service with this written notice. *See* Lewis Decl. Ex. 1. Thus, PETA will be able to file its ESA action on September 25, 2017.

16. The ESA and its implementing regulations prohibit the "take" of endangered and certain threatened species within the United States, including tigers, lions, and their subspecies. *See* 16 U.S.C. § 1538(a)(1)(B), (G); 50 C.F.R. §§ 17.11(h), 17.21(c)(1), 17.31(a), 17.40(r). "Take" is defined by the ESA to mean "to harass, harm, pursue, hunt, shoot, wound, kill, trap,

capture, or collect, or to attempt to engage in any such conduct." 16 U.S.C. § 1532(19).

17. The subject matter of the action that PETA expects to bring is the ongoing and repeated violation by the Respondents of Section 9 of the ESA and its implementing regulations in connection with conditions that harm, harass, and wound the Big Cats.

18. The Respondents are engaged in the ongoing "take" of the Big Cats in violation of the ESA. *See* Lewis Decl. Ex. 1.

19. In particular, and as further explained in the Notice, the Respondents (i) declaw the Big Cats by amputating each digit at the last joint in a medically unnecessary procedure that is prohibited by the USDA because it causes lifelong physical and psychological harms, up to and including death, (ii) harass and abuse the Big Cats at Wildlife In Need's "Tiger Baby Playtime" events, and (iii) maintain and house the Big Cats in unacceptable conditions of confinement in violation of the ESA. *See* Lewis Decl. Ex. 1.

B. **The Evidence Relating to the Expected Litigation Will Be Destroyed Unless It Is Preserved**

20. The Respondents are the only known adverse parties regarding the evidence and testimony relating to the Big Cats. There are multiple reasons supporting PETA's position that the failure to perpetuate the evidence and testimony relating to the Big Cats now will result in the loss of valuable, relevant testimony and admissible evidence for the expected litigation against the Respondents.

21. First, despite a reasonable request for preservation in the Notice, the Respondents have refused to preserve such evidence. *See* Lewis Decl., ¶ 5. In fact, Stark was quoted in the press after receiving PETA's Notice: "As long as I am breathing, they will never confiscate my animals. Nobody will. . . . I am willing to die for what I believe in." *See* Lewis Decl. Ex. 4.

22. Further, the Respondents have attempted to conceal evidence relating to these Big

Cats multiple times within the past few months. In its March 17, 2017 inspection report, the USDA found that Stark "deliberately" omitted information relating to these Big Cats from facility "records to provide false information to inspectors." *See* Lewis Decl. Ex. 2. After Stark "became irritated and began cursing at the inspectors" when they attempted to access the area in which the Big Cats were held, the USDA eventually found that he "had lied and was hiding two tiger cubs." *See* Lewis Decl. Ex. 2.

23. When USDA inspectors attempted to re-inspect the Premises on March 29, 2017, Stark showed up at the front gate of the property with a gun in what "appeared to be putting on a show of intimidation toward inspectors." *See* Lewis Decl. Ex. 3. The USDA inspectors noted that "the situation is more concerning because he is attempting to intimidate us by coming to the inspection armed for the first time in 3 years." *See* Lewis Decl. Ex. 3.

24. Previously, as determined in a pending enforcement action brought by the USDA, and by Stark's own admission to USDA inspectors, he killed a leopard by beating the animal to death with a baseball bat. *See* Lewis Decl. Ex. 5. Further, the USDA found that Stark has repeatedly failed or refused to provide access to inspectors for the purpose of determining compliance with the Animal Welfare Act, has repeatedly interfered with and verbally abused USDA inspectors, has repeatedly failed to handle animals carefully, including using physical abuse, and has repeatedly failed to provide adequate veterinary care to animals. *See* Lewis Decl. Ex. 5.

25. Moreover, as determined by the USDA, two veterinarians who have performed work for the Respondents aver that the Respondents falsified written plans of veterinary care. In one case, the veterinarian avers that the form was altered after she signed it; in the other case, the veterinarian avers that the signature on the plan of veterinary care is not his, and that he never

signed that document. *See* Lewis Decl. Ex. 5. Further, the USDA found that Stark has failed to maintain animal acquisition and disposition records as required by the Animal Welfare Act, making it impossible to know whether animals were bred at the Premises or bought, sold, or transferred in potential violation of law, including the ESA. *See* Lewis Decl. Ex. 5. Stark's failure to maintain animal acquisition and disposition records makes it impossible to know where he has transferred animals, and raises significant concern that he will transfer animals or otherwise destroy or conceal evidence before Petitioner may file its contemplated ESA action.

26. Further, Stark has been charged with possessing migratory birds without a valid permit, and he has been convicted of trafficking in an endangered species, namely an ocelot. Stark initially concealed these charges from his 2014 application to the U.S. Fish and Wildlife Service requesting registration under the ESA Captive-Bred Wildlife Registration program. *See* Lewis Decl. Ex. 6.

27. In addition, based on the reports from the USDA, the Respondents do not keep complete and accurate records of the Big Cats they acquire, sell, donate or exchange, nor do they maintain accurate and complete medical records for the Big Cats. *See* Lewis Decl. Ex. 5. The USDA has confirmed that, with regard to the Big Cats at issue in this dispute, the Respondents have falsified records because they "did not want to get into trouble . . . ." *See* Lewis Decl. Ex. 2. As a result, given the lack of transparency and the Respondent's failure to comply with federally mandated record keeping requirements, an inspection of the Premises is necessary to identify, for purposes of preservation, the evidence relating to (and including) the Big Cats, which if lost, would be extremely difficult – and likely impossible – to duplicate through other evidence and witnesses. Moreover, the testimony from Stark relating to the Big Cats would be required to corroborate the existence and the preservation of evidence.

## C. The Scope of Relief Requested

28. The following evidence and testimony relating to (and including) the Big Cats should be perpetuated:

(a) <u>Big Cats located at Wildlife In Need, 3320 Jack Teeple Road, Charlestown, Indiana 47111</u>: as of the date of filing this Petition, there are several Big Cats on the Premises, many of whom have been declawed, including infant lion and tiger cubs, juvenile tigers and lion-tiger hybrids, and adult tigers. Other than certain adult tigers, all have been declawed during the past two years while under the care of the Respondents. Severe complications are present in at least two of the recently declawed tiger cubs, including one who has a fifty percent chance of dying from the complications, according to the attending veterinarian. *See* Lewis Decl. Ex. 2. In addition, this Petition is necessary to prevent the Respondents from moving the Big Cats to other facilities without court approval or from destroying the enclosures in which they are presently kept. The USDA has previously cited the Respondents for improper enclosure of and lack of proper veterinary care for the Big Cats. *See* Lewis Decl. Ex. 5. Most recently, the Respondents have refused to allow the USDA on site to inspect these Big Cats. Lewis Decl. Ex. 3. PETA, therefore, requests an inspection of the Premises by counsel and a videographer to confirm the identity of the Big Cats declawed at the Premises and take photo and video evidence for purposes of identifying the animals at issue. Such identifying information is necessary in order to ensure that evidence central to the forthcoming litigation, including the Big Cats themselves and evidence relating to their poor care, handling, and treatment, has been preserved.

(b) <u>Timothy L. Stark, 3320 Jack Teeple Road, Charlestown, Indiana, 47111</u>: Stark is the founder and President of Wildlife In Need. He is primarily responsible for the day-to-day operations of the Premises and oversees the care and handling of the Big Cats. Stark's testimony

would confirm (i) the identity of the Big Cats owned by the Respondents and the identity of the Big Cats that have been declawed, and (ii) that the Respondents have declawed these Big Cats.

29. A failure or delay of justice will occur in this case if the Big Cats and the testimony of Stark and evidence relating to the Big Cats are not now preserved. Considering the Respondents' refusal to preserve evidence and their history of concealing evidence relating to these animals, the delay that will occur between now and the contemplated initiation of future litigation may prevent PETA from obtaining admissible valuable and relevant evidence and testimony relating to the harassment and abuse of the Big Cats by the Respondents.

30. Therefore, PETA requests that this Court enter an order (A) authorizing PETA to (i) take Stark's deposition and (ii) inspect the Premises, with counsel and a videographer, for the purpose of identifying the Big Cats at the facility in order to preserve evidence central to the forthcoming litigation, and (B) requiring the Respondents to preserve all relevant tangible and documentary evidence relating to (and including) the Big Cats in their possession and control.

WHEREFORE, PETA respectfully requests that this Court enter an order in the form of the proposed order attached hereto as Exhibit 1 granting the Verified Petition to Perpetuate Evidence, and for all other just and proper relief under the circumstances.

Dated: August 4, 2017                                        Respectfully Submitted,

                                                             */s/ Brian W. Lewis*

                                                             Brian W. Lewis
                                                             Yeny C. Ciborowski
                                                             BARNES & THORNBURG LLP
                                                             One North Wacker Drive
                                                             Suite 4400
                                                             Chicago, Illinois 60606
                                                             Telephone: 312- 357-1313
                                                             *Attorneys for People for the Ethical*
                                                             *Treatment of Animals, Inc.*

## VERIFICATION

I, Brittany Peet, affirm under penalties of perjury that the foregoing statements are true to the best of my knowledge and belief.

                                    PEOPLE FOR THE ETHICAL
                                    TREATMENT OF ANIMALS, INC.

                              By: _____
                                    Brittany Peet