# Exhibit 3



United States Department of Agriculture
Animal and Plant Health Inspection Service

AHOUSER

2016082568185755 Insp_id

## Inspection Report

Timothy Stark
3320 Jack Teeple Rd
Charlestown, IN 47111

Customer ID: **11620**
Certificate: **32-C-0204**
Site: **001**

TIM STARK

Type: ROUTINE INSPECTION
Date: 29-MAR-2017

**2.10(c)    CRITICAL**

**LICENSEES WHOSE LICENSES HAVE BEEN SUSPENDED OR REVOKED.**

On March 24-26, 2017 the licensee continued to exhibit at his facility with a 'tiger/lion playtime' activity, (with other exotic animals) that included handling by the public and photo opportunities. The licensee was advised of a 21 day license suspension beginning on March 24, 2017 that prohibits the licensee from conducting any regulated activity during this time, including exhibiting/brokering/dealing and transporting. The licensee's exhibitions started on Friday March 24(6pm-10pm); March 25 (10am-10pm) and March 26 (10am-8pm) for 1 hour sessions at $27.24 per person, excluding additional fees for photo opportunities and other activities. Inspectors are aware of only 1-2 declawed lion cubs (approx. 10 weeks old) and the 1 tiger club (DOB 2/10/17; 44 days old) with claws available for the 'play time' interaction. All sessions over the 3 day period were sold out.

There are multiple internet posts and videos of these activities being conducted during the suspension period. A member of the security crew indicated he was in the area and observed many, many cars leaving the property all day and the facility that was all lit up on Saturday, March 25, 2017.

A 21 day suspension requires a licensee to stop all regulated activity until the end of the suspension period. This includes any exhibiting/dealing/trading/donating or transporting.

**2.126(a)    CRITICAL**

**ACCESS AND INSPECTION OF RECORDS AND PROPERTY; SUBMISSION OF ITINERARIES.**

On March 29, 2017 at 9:00 am inspectors made contact with Mr. Stark at the front gate of his property. When Mr. Stark approached the team he was wearing a gun on his belt on his right side, in full view. This is the first time that Mr. Stark has been seen carrying a gun during an inspection. Mr. Stark stated that he would allow inspectors on his property, however our armed security had to stay behind. He stated 'I do not approve of guns on my property and I have never approved of you bringing them on my property'. He continued to state 'there are only two reasons why

| Prepared By: | HOUSER ANNMARIE, A C I | Date: |
| --- | --- | --- |
| | HOUSER ANNMARIE, A C I    USDA, APHIS, Animal Care | 31-MAR-2017 |
| Title: | ANIMAL CARE INSPECTOR   6022 | |
| Received By: | (b)(6), (b)(7)(c) | |
| | | Date: |
| Title: | | 31-MAR-2017 |



United States Department of Agriculture
Animal and Plant Health Inspection Service

## Inspection Report

you can be allowed to bring guns on my property, one is with a missing animal and if I give permission, and I do not give permission, I am tired of the bullying by bringing them on my property', while holding his cell phone presumably showing this information.

It was explained to Mr. Stark that there has been security coming to do inspections for the past 2-3 years, and that today is no different. It was difficult to get complete sentences communicated due to Mr. Starks' constant interruptions where he continued to state that he feels bullied and he is refusing to let the security with guns on his property. At this time one of the security officers who was at the inspection on March 17, 2017, asked Mr. Stark why there is a problem as they had gotten along fine at that time. Mr. Stark addressed the security officer and stated 'yea, I got along with you just fine, but I'm tired of being bullied'.

I pointed out to Mr. Stark that he appeared to be putting on a show of intimidation toward inspectors by coming to the front gate with a visible side arm, which he has never worn in past inspections. Mr. Stark stated 'yes I did, I figured fair was fair', meaning since we had armed security, he was going to be armed also. Then he stated, 'I forgot I had it on I was in with big tigers and had it for protection', while he took a hold of the bottom of the holster with his right hand and pulled it up toward his waist, acting like he forgot he had it on. It should be noted that there was approximately a 5 minute delay from when a worker was contacted at the front gate, until he called Mr. Stark who eventually came from his house to the gate. He had not been in a tiger pen immediately prior to coming to the gate, as we were standing near the tiger area, and he was called by phone by the worker who was standing next to the tiger enclosures when he contacted Mr. Stark. He could have left the gun at the house, if he indeed had it on for protection from the tigers. We felt that his wearing the gun to interact with the inspectors and his comment that he 'figured fair was fair' meant that he had brought the gun to intimidate the inspectors.

It was made clear to Mr. Stark that we could not conduct an inspection without our armed security, and the situation is more concerning because he is attempting to intimidate us by coming to the inspection armed for the first time in 3 years. Mr. Stark was adamant that he was told that he did not have to let us on the property with the armed security, but would let inspectors on alone. I advised him that we could not conduct an inspection on this facility, as has been the case for the past 2 years without them and that if he did not allow us all on, it would be considered a refusal. This was explained several times to Mr. Stark, and when asked if he was refusing the inspection, Mr. Stark stated 'Yes, I have no choice, I have to, I'm tired of the bullying factor'.

The refusal of an inspection is not acceptable due to the inability of inspectors to determine the health and welfare of the animals at the facility, and prevents the performance of an inspection which is required in order to uphold the AWA standards and regulations. When a USDA license is given, a licensee is required to allow inspectors on the property to conduct their inspection and be allowed to perform their duties.

| Prepared By: | HOUSER ANNMARIE, A C I | | Date: |
|---|---|---|---|
| | HOUSER ANNMARIE, A C I     USDA, APHIS, Animal Care | | 31-MAR-2017 |
| Title: | ANIMAL CARE INSPECTOR   6022 | | |
| Received By: | (b)(6), (b)(7)(c) | | Date: |
| Title: | | | 31-MAR-2017 |

## Inspection Report

The licensee must allow inspectors on their property anytime during regular business hours to conduct routine, focused or other related inspections.

This was intended to be a focused inspection of the three Direct Non-compliant items listed on the inspection dated March 17, 2017

Due to the refusal the licensee was advised that a copy of the report would be sent by regular and certified mail.

**Additional Inspectors**

Gage Laurie, Big Cat Specialist

Neafsey Michael, Veterinary Medical Officer

| | | | |
|---|---|---|---|
| **Prepared By:** | HOUSER ANNMARIE, A C I | | **Date:** |
| | HOUSER ANNMARIE, A C I    USDA, APHIS, Animal Care | | 31-MAR-2017 |
| Title: | ANIMAL CARE INSPECTOR   6022 | | |
| **Received By:** | (b)(6), (b)(7)(c) | | **Date:** |
| Title: | | | 31-MAR-2017 |