# Exhibit 6

# United States Department of the Interior

FISH AND WILDLIFE SERVICE



International Affairs
5275 Leesburg Pike, MS: IA
Falls Church, VA 22041-3803

In Reply Refer To:
FWS/DMA/PRT-51552B

MAY 2 0 2015

Wildlife in Need & Wildlife in Deed, Inc.
Timothy Stark
3320 Jack Teeple road
Charlestown, IN 47111
U.S.A.

Dear Mr. Stark:

This responds to your November 13, 2014, application requesting registration under the Endangered Species Act (ESA) Captive-Bred Wildlife Registration program for the black & white ruffed lemur (*Varecia variegata*), red ruffed lemur (*Varecia rubra*), brown lemur (*Eulemur fulvus*), ring-tailed lemur (*Lemur catta*), cottontop tamarin (*Saguinus Oedipus*), lar gibbon (*Hylobates lar*), and leopard (*Panthera pardus*) for enhancement of propagation or survival of the affected species. After careful review, your request is being denied for the reasons described below.

The ESA prohibits any person subject to the jurisdiction of the United States from conducting certain activities with any listed endangered or threatened species. These activities include, among others, import, export, take, interstate or foreign commerce, and apply equally to both wild and captive populations [50 CFR 17.21]. Otherwise prohibited activities may be permitted under certain conditions, but only if the U.S. Fish and Wildlife Service find that the activity would serve to enhance the propagation or survival of the affected species, and is determined to be consistent with the purposes of the ESA [Section 10(d)].

However, in accordance with regulations found at 50 CFR 13.21(c)(1), a person is disqualified from receiving permits if they have been convicted, or enter a plea of guilty or nolo contendere, for a felony violation of the Lacey Act, the Migratory Bird Treaty Act, or the Bald and Golden Eagle Protection Act. Because the application question asking if you had ever been convicted of a felony was originally left blank, this office asked your application contact, Alan Shoemaker, to provide a signed and complete response clarifying if you have ever been convicted of a felony. After several attempts to get a direct response, on April 20, 2015, this office received an updated application page, with the application question number 20 checked yes, confirming that you have been convicted, or entered a plea of guilty or nolo contender, for a felony violation of the Lacey Act, the Migratory Bird Treaty Act, or the Bald and Golden Eagle Protection Act. The application response further explains that you were charged with possessing migratory birds without a valid permit.

Although, you finally provided a response clarifying that you obtained migratory birds without a permit, you never disclosed another court case. In this case "Timothy Stark did knowingly, intentionally and unlawfully receive, transport, and ship in interstate commerce an endangered species, namely, an ocelot he sold to an individual from Texas, in the course of commercial activity, in violation of Title 16, United States code, Sections 1538(a)(1)(E) and 1540(b)(1)." We were able to confirm that in January of 2008, you plead guilty to one count of unlawful receipt, transport, and shipping of an endangered species in interstate commerce in the course of commercial activity.

The issuance criteria for the CBW registration [50 CFR 17.21(g)(3)] also requires that the applicant possess the necessary expertise, facilities and other resources to successfully accomplish the objectives stated in the application. In order to meet the issuance criteria, the applicant must have adequate facilities and show responsibility. Yet, instead of responding to the application request to provide a brief resume for all senior animal care staff or personnel that will be working with or maintaining of each species requested, the application response was simply a statement acknowledging that "The primary staff person is Tim Stark. Mr. Stark graduated from high school in 1983 and has been working with zoos and private collections since 1990. He was first licensed by USDA in 1990." The application didn't provide clear documentation of your expertise on any of the lemurs, tamarins, lar gibbons, or leopards. Moreover, since you did not provide resumes or any information regarding veterinary or other staff, we question whether you, alone, have the capacity to care for a growing population species.

While your application did provide a sketch of some holding facilities, you did not provide sizing of the enclosures or evidence indicating how the facilities would adequately hold a growing population of each species and how you would prevent hybridization if the four different lemur species were placed in the same holding facility.

Furthermore, your application package fails to reveal the United States Department of Agriculture (USDA) Animal and Plant Health Inspection Service 2014 reports citing repeat violations on "handling of animals," "sheltered housing facilities," "cleaning, sanitization, housekeeping, and pest control," "facilities, general," and "watering." In addition, in 2013, the USDA determined that your facility did not have an "attending veterinarian and adequate veterinary care," your facility was cited with not providing an "environment enhanced to promote psychological well-being," your facility was cited with not meeting the "facilities, outdoor" requirements, and you were not meeting the USDA's feeding requirements. The USDA's report stated that "the large carnivores are generally fed a mixed diet consisting of donated recently expired meat products from human food channels and road kill with vitamin / mineral supplementation. There is not written guidance from the attending veterinarian for feeding the large felids." These citations demonstrate that you have failed to provide a showing of responsibility.

Notably, your application did not provide any evidence that your intent for seeking registration under the CBW Program is for the purpose for enhancement of propagation or

Page **2** of **3**

survival of the species. This is generally met by the maintenance of a viable genetic population either by having sufficient specimens within your facility (i.e., closed population), or through the participation in an organized breeding program such as a Species Survival Program. You neither maintain sufficient numbers of the species in question, nor participate in an organized breeding program. As detailed in the USDA inspection reports, much of your organization surrounds activities associated with the entertainment industry, which is contrary to the intended purpose of the Program.

Therefore, as a result of your felony convictions and because you do not meet the criteria for registration under the Captive-Bred Wildlife Registration program, your request is being denied.

Under CFR 50 13.21(c)(1), you may provide a written petition to the Service Director for a waiver from permit issuance disqualification due to a past conviction, or plea of guilty or nolo contendere, to a felony violation of the Lacey Act, the Migratory Bird Treaty Act, or the Bald and Golden Eagle Protection. The request for a waiver should identify all felony violations. It should also respond to how you have addressed the problems and behaviors to preclude the felonies from happening again.

As provided in 50 CFR 13.29(a), you may request reconsideration of our decision to deny your application. Such a request must be submitted in writing with the original signature of the person requesting reconsideration or by that person's legal representative, must contain a certification statement as provided at 50 CFR 13.12(a)(5), should refer to your file number, PRT-51552B, and must be received in this office within 45 calendar days of the date of this letter. The reconsideration of the decision to deny your request will be based on the information you provided in your original application. As such, your letter requesting reconsideration must address how the decision to deny your request was based on a misinterpretation of the information you provided in your original application, or it must present a clarification of this information. **Should you supply new information that changes the context of your original application, a new application will need to be submitted to this office before such information can be considered.**

Copies of 50 CFR Parts 13 and 23 are available at www.ecfr.gov under "Title 50". If you have any questions, please contact me at: U.S. Fish and Wildlife Service, MS: IA, 5275 Leesburg Pike, Falls Church, Virginia 22041.

Sincerely,

Timothy J. Van Norman, Chief
Branch of Permits
Division of Management Authority