IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., | ) ) ) | |
| Petitioner, | ) | |
| v. | ) ) | |
| WILDLIFE IN NEED AND WILDLIFE IN DEED, INC., TIMOTHY L. STARK, AND MELISA D. STARK, | ) ) ) ) ) | Case No. 4:17-MC-00003-RLY-DML |
| Respondents. | ) ) | |

**EMERGENCY MOTION TO (A) ENTER AN INTERIM PRESERVATION ORDER AND (B) SHORTEN NOTICE AND EXPEDITE HEARING ON VERIFIED PETITION PURSUANT TO FED. R. CIV. P. 27(A) TO PERPETUATE EVIDENCE**

Petitioner People for the Ethical Treatment of Animals, Inc. ("***PETA***"), by and through its counsel, respectfully requests that this Court (a) immediately enter an interim order preserving all tangible and documentary evidence relating to (and including) the tigers, lions, and hybrids thereof ("***Big Cats***") in the possession, custody, and control of Respondents Wildlife In Need and Wildlife In Deed, Inc., Timothy L. Stark, and Melisa D. Stark (collectively, "***Respondents***") and (b) schedule an expedited hearing on PETA's Verified Petition Pursuant to FED. R. CIV. P. 27(a) to Perpetuate Evidence that was filed on August 4, 2017 in this case (the "***Petition***"). In support of this motion, PETA states as follows:

**BACKGROUND**

1. This case relates to a lawsuit that PETA expects to bring against Respondents for their ongoing and repeated violations of Section 9 of the Endangered Species Act of 1973, 16 U.S.C. §§ 1531-1544, and the Act's implementing regulations. *See* Petition, Docket No. 1.

1

2. In its Petition, PETA requests that this Court enter an order preserving certain evidence related to (and including) the Big Cats in the possession and control of Respondents. *See* Petition, Docket No. 1.

3. Respondents' attorney C. Richard Rush filed his appearance on behalf of the Respondents on August 7, 2017. *See* Notice of Appearance, Docket No. 6.

4. On August 8, 2017, counsel for PETA and Mr. Rush had a telephone conference regarding this case. Mr. Rush confirmed that he was representing all three Respondents in this case and agreed to accept service on behalf of Respondents on that day via e-mail. *See* Proof of Service, Docket Nos. 9, 10, 11; *see also*, Declaration of Yeny C. Ciborowski filed contemporaneously herewith ("***Ciborowski Declaration***"), ¶¶ 3-6.

5. PETA's counsel and Mr. Rush discussed the parameters by which the parties would enter into an agreed order to preserve evidence in this case. PETA's counsel agreed to provide Mr. Rush a proposed agreed order to resolve the Petition. *See* Ciborowski Declaration, ¶ 5.

6. On August 10, 2017, PETA's counsel provided Mr. Rush with the proposed order. Counsel also requested that, during negotiations about the terms of the order, Respondents agree to preserve the documents, tangible items and the Big Cats on an interim basis. *See* Ciborowski Declaration, ¶¶ 7-9.

7. Mr. Rush replied on August 10, 2017, that he would have a response for PETA regarding the proposed agreed order early in the week of August 14. Mr. Rush would not confirm whether the Respondents would agree to preserve evidence on an interim basis. *See* Ciborowski Declaration, ¶¶ 8-10.

8. Despite further repeated requests by PETA's counsel to preserve the evidence related to (and including) the Big Cats, Mr. Rush still has not confirmed that Respondents will preserve evidence on an interim basis until such time that the parties could provide an agreed order for the Court's consideration. *See* Ciborowski Declaration, ¶¶ 10-11.

9. Publicly available information has now revealed that Respondents will not agree to preserve evidence relating to the Big Cats on an interim basis or otherwise.

10. On the afternoon of August 11, Respondent Timothy Stark posted a video on the Facebook page of Wildlife in Need, Inc. Mr. Stark is the President and owner of Wildlife in Need, Inc. The transcript from this video shows that Respondents have notice of and understand PETA's preservation request, and have rejected the request in its entirety. Specifically, Mr. Stark states:

> "[PETA] just sent a new thing and they are requiring us … to make me preserve all evidence but only on the big cats … they also are saying that I am not allowed to sell, exchange, transfer or anyway dispose of only the big cats … and then they want me [to] provide them with inventory of all of my big cats … they also want photos to accompany each individual animal. Not only of their face for identification purposes, they want[sic] me to take photos of their paws. Well, there are some people that don't care for my language. Then turn your damn volume down because here again PETA, 'F@%ck You.' I ain't[sic] providing you with nothing[sic]. I do not answer to you. You are not a governing agency. So you can come out here. I will be more than happy to meet you at my gate and you can kiss my lily white a$$."

Wildlife In Need, Inc. (n.d.). In Facebook [home page]. Retrieved August 14, 2017, from https://www.facebook.com/WildlifeinNeed.Inc/videos/1418928818155547/. *See also*, Declaration of Yaniv Schiff filed contemporaneously herewith, ¶¶ 3-8.

11. PETA has substantial concerns that Respondents will destroy relevant and necessary evidence if this Court does not require Respondents to comply with their preservation obligations.

**RELIEF REQUESTED**

*I.  The Court Should Immediately Enter an Interim Preservation Order*

12. A "court has broad discretion when determining whether to order a party to preserve evidence." *Haraburda v. Arcelor Mittal USA, Inc.*, 2011 U.S. Dist. LEXIS 70937, *5 (N.D. Ind. June 28, 2011). In exercising this authority, courts consider three factors: "1) whether Plaintiffs can demonstrate that Defendants will destroy necessary documentation without a preservation order; 2) whether Plaintiffs will suffer irreparable harm if a preservation order is not entered; and 3) the burden imposed upon the parties by granting a preservation order." *Id.* at 6.

13. Given Respondents' open and hostile refusal to simply ***preserve*** relevant evidence, this Court should exercise its discretion and immediately enter an order directing Respondents to preserve all evidence, which they otherwise have a duty to preserve based on the existence of imminent litigation. *See e.g., Trask-Morton v. Motel 6 Operating L.P.,* 534 F.3d 672, 681 (7th Cir. 2008); *Malibu Media, LLC v. Harrison*, 2014 U.S. Dist. LEXIS 176972, *8-12 (S.D. Ind. Dec. 24, 2014); *Banks v. Enova Fin.,* 2012 U.S. Dist. LEXIS 173649, *10-13 (N.D. Ill. July 10, 2012).

14. As PETA has set forth in detail in the Petition, a preservation order is additionally warranted because there is a risk that Respondents will destroy the relevant evidence during the sixty (60) day notice period before PETA can file suit against the Respondents, resulting in irreparable harm to PETA's ability to establish its claims in the underlying lawsuit. *See* Petition, ¶ 21. The documents sought to be preserved are highly relevant to PETA's claims against the

Respondents as are the inventory and the Big Cats in the possession, custody, and control of the Respondents. *See* Petition, ¶¶ 1-2.

15. In addition to Mr. Stark's public declarations refusing to preserve relevant evidence, USDA reports also provide that the Respondents have concealed evidence relating to the Big Cats multiple times in the past few months. *See* Petition, ¶¶ 22-26. The USDA reports also provide that the Respondents have falsified records and that the Respondents consistently fail to comply with federally mandated record keeping requirements. *See* Petition, ¶ 27.

16. Finally, an order from this Court requiring Respondents to preserve evidence will impose no burden on Respondents. The proposed order submitted by PETA permits Respondents full latitude in operating their business.

17. For these reasons, this Court should enter an interim protective order requiring the Respondents to preserve all documentary and tangible evidence, including the Big Cats, in the Respondents' possession, custody, and control.

II. *The Court Should Waive Notice Requirement Under FED. R. CIV. P. 27(a)(2) and Expedite the Hearing on the Rule 27 Petition*

18. The Court should also waive the twenty-one (21) day notice requirement under FED. R. CIV. P. 27(a)(2) and set the Petition for immediate hearing.

19. The text of FED. R. CIV. P. 27(a)(2) provides that "[a]t least 21 days before the hearing date, the petitioner must serve each expected adverse party with a copy of the petition and a notice stating the time and place of the hearing."

20. This period may be shortened where, as here, exigent circumstances exist. *See e.g., In re Chao,* 2008 WL 4471802, *6 (N.D. Iowa Oct. *2,* 2008)(court granted a Rule 27(a) petition on an expedited basis based on exigent circumstances when the relevant witness were going to be unavailable); *In re I-35W Bridge Collapse Site Inspection*, 243 F.R.D. 349, 353 (D. Minn.

2007)("Given the exigent circumstances, this Court would be sympathetic to a request to modify [the notice] requirement."); *Application of Deiulemar Di Navigazione S.p.A.*, 153 F.R.D. 592, 593 (E.D. La. 1994)(The court saw "no reason why the twenty day period set forth in Rule 27(a)(2) is sacrosanct and cannot be modified as are many other deadlines routinely modified by the court depending on the circumstances of a particular case," and granted a Rule 27 petition in advance of the notice period where the evidence would no longer be available after the notice period.)

21. As stated above, PETA has already provided the Respondents with notice of the Petition.

22. Also, as described above and as set forth in detail in the Petition, there is a significant risk that the evidence that is the subject of the Petition will be lost during the twenty-one (21) day notice period.

23. Accordingly, given the steadfast refusal of the Respondents to preserve such evidence, the recent threats received from the Respondents to conceal such evidence, and the Respondents' practice of concealing relevant evidence from the USDA, the twenty-one day notice period contained in FED. R. CIV. P. 27(a)(2) should be waived and a hearing on the Petition should be held as soon as possible. Once an interim order is entered preserving the evidence in this case, the remaining issues to be decided with respect to the Petition are the entry of a permanent preservation order, to include an inspection and the deposition of Respondent Timothy Stark.

WHEREFORE, Petitioner People for the Ethical Treatment of Animals, Inc., respectfully requests that the Court (a) enter an interim protective order similar in form to the proposed order attached hereto as Exhibit 1 requiring the Respondents to preserve all documentary and tangible

evidence, including the Big Cats, in the Respondents' possession, custody, and control, (b) set a hearing at the earliest possible date and time to consider and rule upon the Verified Petition Pursuant to Fed. R. Civ. P. 27(a) to Perpetuate Evidence, and (c) grant such other and further relief as is just and proper under the circumstances.

Dated: August 18, 2017

Respectfully Submitted,

*/s/ Yeny C. Ciborowski*

Brian W. Lewis
Yeny C. Ciborowski
BARNES & THORNBURG LLP
One North Wacker Drive
Suite 4400
Chicago, Illinois 60606
Telephone: 312- 357-1313
*Attorneys for People for the Ethical Treatment of Animals, Inc.*