# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., | ) ) ) |
| Petitioner, | ) |
| v. | ) ) |
| WILDLIFE IN NEED AND WILDLIFE IN DEED, INC., TIMOTHY L. STARK, AND MELISA D. STARK, | ) ) ) ) ) |
| Respondents. | ) |

Case No. 4:17-MC-00003-RLY-DML

## REPLY IN SUPPORT OF EMERGENCY MOTION TO (A) ENTER AN INTERIM PRESERVATION ORDER AND (B) SHORTEN NOTICE AND EXPEDIATE HEARING ON VERIFIED PETITION PURSUANT TO FED R. CIV. P. 27(A) TO PERPETUATE EVIDENCE

Respondents do not dispute this Court's authority under Rule 27 to grant the relief requested by PETA, nor do they submit any evidence, by declaration or otherwise, refuting PETA's claims that there is a risk of spoliation of records and information relating to the Big Cats that are the subject of the underlying litigation pursuant to the Endangered Species Act of 1973, 16 U.S.C. §§ 1531-1544 (the "*ESA*"). Instead, Respondents devote the majority of their Response to a wholly irrelevant, unsupported, and baseless attack on PETA's organizational principles and objectives, and simply deny that they have done anything wrong. As explained below, PETA has met its burden of showing that this Court should grant relief under Rule 27 and Respondents' objections should be denied.

# ARGUMENT IN FURTHER SUPPORT OF THE RULE 27 PETITION

**A.  The Record Shows That a Preservation Order Is Necessary and Appropriate In This Case.**

Substantial evidence submitted by PETA – which is uncontested by Respondents – shows that (1) the hearing on the Petition should be expedited and (2) the proposed interim preservation order should be entered.

First, the Big Cats that are the subject of the underlying lawsuit have been declawed and suffered substantial and debilitating injuries that might, could or did cause permanent injuries or death. *See* Ex. 2 to Lewis Decl., [Docket No. 2]; Ex. 1 to Ciborowski Suppl. Decl., [Docket No. 18].

Second, the USDA has determined that Respondents have falsified records relating to the merits of the underlying lawsuit that Respondents are required to maintain, including records showing their inventory of Big Cats. *See* Ex. 2 to Lewis Decl.; Ex. 1 to Ciborowski Suppl. Decl.

Third, the USDA reports show that Respondents have attempted to conceal evidence relating to the merits of the lawsuit, namely the injured Big Cats themselves. *See* Ex. 1 to Lewis Decl.; Ex. 1 to Ciborowski Suppl. Decl.

Fourth, the USDA reports state that, during the recent March 2017 inspection, Respondent Stark admitted that he "lied" to the USDA inspectors about the number of Big Cats in his possession and failed to provide truthful information to the USDA inspectors because he was afraid of getting in trouble about a "botched" declawing of Big Cat cubs. *See* Ex. 2 to Lewis Decl.' Ex. 1 to Supp. Ciborowski Decl.

Finally, Respondents have refused to negotiate a potential resolution of any of these critical issues relating to the preservation of evidence, thereby requiring that this Court intervene. Respondents refused PETA's requests to voluntarily preserve their records, to allow a site

inspection to determine the current inventory of Big Cats, or to suspend transfers of the Big Cats without first notifying the Court. *See* Ciborowski Decl. [Docket No. 13], ¶¶ 7-11.

**B.  The Possibility of an "Unannounced" USDA Inspection Does Not Negate the Need for a Preservation Order.**

Respondents' main objection to this Court's intervention is that they are already subject to USDA inspections. In effect, they claim that any action by this Court would be redundant. *See* Response [Docket Nos. 20-21], ¶¶ 11-12. However, this objection must be rejected for two reasons. First, the USDA enforces the Animal Welfare Act ("*AWA*"), not the ESA, which is the subject of this dispute. The AWA and ESA serve different purposes, are different in scope, and have different enforcement mechanisms. *See* 16 U.S.C. § 1540 (providing that the ESA is enforced by the National Marine Fisheries Service and the Fish and Wildlife Service and also by citizen suits such as the one anticipated here). The ability of the USDA to enforce the AWA should in no way affect or preclude private parties from separately enforcing the ESA.

Second, abundant evidence shows that the USDA inspections of the Respondents are ineffective (or at best) provide an incomplete picture. The USDA reports submitted by PETA show that Respondents have at times refused to allow USDA inspectors onto their property, have concealed evidence relating to their operations from USDA inspectors, and have "lied" to inspectors regarding the Big Cats. *See* Ex. 3 to Lewis Decl. Indeed, Respondents have not submitted any evidence that would even cast doubt on these conclusions by the USDA. Given Respondents' past conduct with respect to their regulatory obligations, and their steadfast refusal to agree to preservation of evidence relating to PETA's expected ESA lawsuit against the Respondents, this Court should use its authority under Rule 27 and grant the Emergency Motion and the Petition.

C.  **Respondents' Other Objections to the Emergency Motion and the Petition Are Not Relevant or Are Unsupported, and Should Be Rejected.**

Respondents claim that PETA seeks to limit their ability to exercise their Constitutional rights. *See* Response, ¶10. This assertion lacks any basis, in fact or law. PETA is not requesting that the Court enter a "gag" order. PETA only requests that Respondents preserve records and information relating to the Big Cats – this request is tailored to permit Respondents to continue their ongoing business. Nothing requested in the Petition could conceivably have any chilling effect on Respondents' First Amendment rights or business operations.

Respondents' claim that entry of a preservation order will interfere with their ability to engage in interstate commerce likewise lacks any merit. *See* Response, ¶ 6. Respondents cite no authority in support of their claim that they may lawfully move the Big Cats across state lines. Indeed, such "commerce" is generally prohibited under the ESA. *See* 16 U.S.C. §§ 1538(a)(1)(E), 1540(b)(1).[1] Moreover, once a preservation order is entered, Respondents can simply ask the Court to grant limited relief from its application if Respondents have to later transfer or dispose of any of the Big Cats.

## CONCLUSION

The Emergency Motion and Petition should be granted because the Respondents have failed to refute the evidence and law in support of the relief requested by PETA.

---

[1] Note that Respondent Stark has been convicted of trafficking in endangered wildlife, in violation of the ESA. *U.S. v. Timothy L. Stark,* Cause No. 4:07CR013 (S.D. Ind. Sept. 24, 2007).

Dated: August 28, 2017                    Respectfully Submitted,

                                          */s/ Yeny C. Ciborowski*

                                          Brian W. Lewis
                                          Yeny C. Ciborowski
                                          BARNES & THORNBURG LLP
                                          One North Wacker Drive
                                          Suite 4400
                                          Chicago, Illinois 60606
                                          Telephone: 312- 357-1313
                                          *Attorneys for People for the Ethical Treatment of Animals, Inc.*

**CERTIFICATE OF SERVICE**

I, Yeny C. Ciborowski, an attorney, certify that on August 28, 2017 the **Reply In Support of Emergency Motion to (a) Enter an Interim Preservation Order and (b) Shorten Notice and Expedite Hearing on Verified Petition Pursuant to Fed. R. Civ. P. 27(a) to Perpetuate Evidence** was filed electronically and served on all ECF-registered counsel of record via e-mail generated by the Court's ECF system.

Dated: August 28, 2017

*/s/ Yeny C. Ciborowski*

Brian W. Lewis
Yeny C. Ciborowski
BARNES & THORNBURG LLP
One North Wacker Drive
Suite 4400
Chicago, Illinois 60606
Telephone: 312- 357-1313
*Attorneys for People for the Ethical Treatment of Animals, Inc.*